FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
AUG 0 7 2012
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:12CR70 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| DANIEL DREWS, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Meredith B. Tyrakoski, Assistant United States Attorney, and defendant, DANIEL DREWS, and Kevin Ryan, counsel for defendant, as follows:

## I

## THE PLEA

A. <u>CHARGE(S) & FORFEITURE ALLEGATION(S).</u>

Defendant agrees to plead guilty to Count II of the Indictment. Count II charges a violation of Title 21, United States Code, Section 846.

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  The United States agrees not to file an Information regarding prior conviction(s) for a felony drug offense, pursuant to 21 U.S.C. §§841(b)(1) and 851.

2.  The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for drug trafficking crimes which the defendant reported to law enforcement during interviews on or after May 29, 2012, other than as set forth in paragraph numbered one (1), above. This agreement not to prosecute the defendant for specific crimes does not prevent

1

any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. That two or more persons reached an agreement or came to an understanding to distribute a quantity of methamphetamine and/or cocaine;

2. That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

3. That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. The defendant, David Monarrez, Guillermo Monarrez, and others known and unknown agreed to distribute cocaine;

2. The defendant voluntarily and intentionally joined in the agreement;

3. The defendant understood the purpose of the agreement when he joined in the agreement.

## III
## PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

   1. A maximum of 20 years in prison; and a mandatory minimum of 0 years;
   2. A maximum $1,000,000 fine;
   3. A mandatory special assessment of $100 per count; and
   4. A term of supervised release of at least 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
   5. Possible ineligibility for certain Federal benefits.

## IV
## COOPERATION

The defendant has expressed a desire to provide substantial assistance to the United States in the investigation and prosecution of others. The United States has made no evaluation whether the cooperation, if any, will be "substantial" or whether it will merit any downward departure to reduce defendant's sentence.

A.  The defendant shall truthfully answer all questions asked of the defendant by the United States and/or law enforcement agents, and shall truthfully disclose and volunteer all information regarding the defendant's activities and that of others in all criminal matters of which the defendant currently has knowledge, or hereafter acquires knowledge. The defendant shall not withhold any information. The defendant shall neither protect nor harm any person or entity through false information or omission, nor falsely implicate any person or entity. The defendant shall commit no crimes whatsoever. The defendant shall furnish and disclose the location of any requested documents, items or electronically stored information in the defendant's custody, possession or control or of which the defendant has knowledge. The defendant shall accompany

agents of the United States and/or agents of state or local law enforcement agencies to any location of their choosing in order to accomplish full disclosure. The defendant agrees to be interviewed by law enforcement officers any time after execution of this agreement. Presence of defense counsel is specifically waived at any such interview. The United States will notify defense counsel, when practical to do so, of any such interview prior to the interview. The defendant shall truthfully testify, if requested, regarding any matters about which the United States may inquire. If the defendant's continuing cooperation requires the approval of the Court, the defendant agrees to actively assist in the acquisition of such approval.

B.   Any cooperation provided by the defendant will be considered by the United States under U.S.S.G. § 5K1.1, and/or, separately, under 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure (after sentencing), in determining whether a motion should be filed to reduce the defendant's sentence. The United States will not consider filing a motion to reduce the defendant's sentence until the defendant's cooperation has been completed. The defendant will not challenge the decision not to file a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure (after sentencing), before completion of the defendant's cooperation. If the United States does not file a motion to reduce the defendant's sentence for the defendant's cooperation, the defendant waives the defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the defendant that any such decision was based upon an unconstitutional motive related to the defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the defendant's Sixth Amendment Right to Counsel.

C.   Nothing which the defendant says pursuant to this agreement may be used against the defendant, so long as the defendant abides by all of the terms of this agreement. The United States may, however, make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by the defendant.

4

# V
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

# VI
## PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 100 grams but not more than 200 grams of cocaine, and, therefore, pursuant to U.S.S.G. § 2D1.1, the defendant's base offense level is 18.

2.  The parties agree that the defendant does not meet the criteria for a "safety valve" reduction, pursuant to 18 U.S.C. §3553(f) and U.S.S.G. §2D1.1(b)(16) and §5C1.2.

3.  The parties agree that the defendant is not subject to either upward or downward adjustment in offense level for role in the offense, pursuant to U.S.S.G. §§3B1.1 and 3B1.2.

4.  If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

B.   ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.   Fails to admit a complete factual basis for the guilty plea at the time it is entered, or

2.   Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3.   Fails to appear in court, or

4.   Engages in additional criminal conduct, or

5.   Attempts to withdraw the guilty plea, or

6.   Refuses to abide by any lawful court order, or

7.   Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.   ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553, and that the government will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section VI, paragraph A above.

D.   CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category,

6

except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.   RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.   STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of

Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VIII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## IX
## SCOPE OF AGREEMENT

A.   This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B.   By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C.   The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D.   Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E.   By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court

rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.   This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

# X
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

# XI
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XII

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_8/7/12_
Date

_/s/ Meredith B. Tyrakoski_
MEREDITH B. TYRAKOSKI
ASSISTANT U.S. ATTORNEY

_8-1-12_
Date

_/s/ Daniel Drews_
DANIEL DREWS
DEFENDANT

_8-1-12_
Date

_/s/ Kevin A. Ryan_
KEVIN A. RYAN
COUNSEL FOR DEFENDANT

## POLYGRAPH EXAMINATION

Upon request by the United States, the Defendant will submit to a polygraph examination(s) administered by an examiner chosen by the United States.

| | |
|---|---|
| 8/7/12<br>Date | *Meredith B. Tyrakoski*<br>MEREDITH B. TYRAKOSKI<br>ASSISTANT U.S. ATTORNEY |
| 8-1-12<br>Date | *Daniel Drews*<br>DANIEL DREWS<br>DEFENDANT |
| 8-1-12<br>Date | *[signature]*<br>KEVIN A. RYAN<br>COUNSEL FOR DEFENDANT |

12